**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Curtis Lee BEARD, Defendant–Appellee.**

**No. 06–30604.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 26, 2007.

Filed Dec. 7, 2007.

Stephen F. Peifer, Esq., Amy E. Potter, Esq., Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Plaintiff–Appellant.

Gerald Needham, Federal Public Defender's Office, Portland, OR, for Defendant–Appellee.

Before: SCHROEDER, SILVERMAN and BYBEE, Circuit Judges.

## MEMORANDUM *

The government appeals, pursuant to 18 U.S.C. § 3731 (2006), the district court's order suppressing evidence found in defendant Curtis Lee Beard's car. Beard claims that the evidence should have been suppressed because it was discovered only as a result of an improperly prolonged traffic stop. At 2:45 A.M., the police saw Beard fail to stop for a stop sign. This is a high crime area, and before stopping Beard for the stop sign violation, the officer observed that Beard appeared to be circling the block. The officer turned on his emergency lights and siren, but Beard continued driving for a couple of blocks before he finally stopped. He emerged from his car with his hands up, and told the officer that he hadn't stopped sooner because he was scared.

A license and registration check was run, which came back negative. Nevertheless, instead of terminating the encounter then and there, the police officer asked Beard where he was going and whether he was carrying anything that he was not supposed to have. Beard responded that he was going to his girlfriend's house and that he was not carrying any contraband. He consented to a search of his person, but not to a search of his car. While Beard was being frisked, a backup officer saw, from the outside of the car, a gun inside the car. Beard claims that the gun should be suppressed because, he says, he should not have been further detained after the traffic infraction had been resolved, and because there was no reasonable suspicion to warrant further questioning. The discovery of the gun, he says, was the fruit of that unlawful detention.

In granting Beard's motion to suppress, the district court relied upon our decision in *United States v. Chavez–Valenzuela*, 268 F.3d 719, 724 (9th Cir.2001), holding that during the course of a traffic stop, police officers cannot, without reasonable suspicion, ask questions unrelated to the traffic stop. That proposition was overruled in *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). In *United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir.2007), we held that police officers did not need indepen-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dent reasonable suspicion of criminal activity in order to question the defendant about unrelated matters so long as they were still processing his traffic violation. *Id.*

Here, even though the purpose of the initial traffic stop had been resolved, the officers had a reasonable suspicion that criminal activity might be afoot to justify a further brief inquiry at the scene—Beard seeming to be circling the block in a high-crime area at 2:45 a.m., his intentional failure to stop right away, his opening the door with his hands outstretched, shouting, "[D]on't shoot," and his implausible explanation of where he was going. *See United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). A reasonable officer would be justified in making further brief inquiry into the circumstances.

The suppression order is REVERSED and the case remanded for further proceedings.

**REVERSED and REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.